UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TERESA SHAPPELL,                          No. 2:10-cv-03020-MCE-EFB

       Plaintiff,

  v.                                      **ORDER**

SUN LIFE ASSURANCE COMPANY
and LINCOLN NATIONAL LIFE
INSURANCE, EMPLOYERS INSURANCE
COMPANY OF NEVADA and DOES 1
to 100,

       Defendants.

----oo0oo----

Through the present action, Plaintiff Teresa Shappell ("Plaintiff") seeks damages for the denial of total disability benefits she claims entitlement to under disability insurance plans issued by Defendants Sun Life Assurance Company ("Sun Life") and Lincoln National Life Insurance ("Lincoln"). Those disability plans were obtained by Plaintiff's former employer, Employers Insurance Company of Nevada ("Employers").

///
///

1

1  Although the gravamen of Plaintiff's lawsuit is for breach of
2  contract against both Sun Life and Lincoln for failing to honor
3  Plaintiff's claims, she also sues Employers in the instant matter
4  for wrongfully interfering with her efforts to collect disability
5  benefits.  Her Third Cause of Action is directed to Employers and
6  alleges interference with protected rights due to Employers'
7  alleged failure to disclose pertinent information.  As a Fifth
8  Cause of Action, Plaintiff also appears to sue Employers for
9  breach of the duty of good faith and fair dealing, although the
10 substance of that claim appears to relate to the insurers'
11 alleged breaches as opposed to any wrongful conduct on the part
12 of Employers.[1]

13      Employers now requests that the Court dismiss the claims
14 being asserted against Employers in the present case on grounds
15 that because said claims are already encompassed within another
16 action filed against Employers on Plaintiff's behalf, the present
17 lawsuit represents an impermissible attempt at "claim splitting"
18 by asserting the same claims against Employers in two different
19 forums.  Employers alternatively requests dismissal on grounds
20 that this Court lacks jurisdiction because of an arbitration
21 provision, contained in Plaintiff's Employment Agreement, that
22 requires any claim or controversy arising out of the Agreement to
23 be settled through arbitration.
24 ///
25 ///

---

[1] Plaintiff also pleads an ostensible claim against Employers for attorney's fees and costs, but as its moniker suggests that Third Cause of Action seeks additional remedies rather than asserting any new or different substantive claim.

2

1    Plaintiff's dispute with Employers stems from Plaintiff's
2 termination on or about January 25, 2008 and the events leading
3 up to that termination.  On April 13, 2008, Plaintiff filed a
4 lawsuit in Nevada state court against Employers for gender
5 discrimination, retaliation, and breach of contract.  Employers
6 proceeded to remove that case to the District of Nevada on May 5,
7 2009, and one week later, on May 12, 2009, Employers filed a
8 Motion to Compel Arbitration and Motion to Dismiss.  After a
9 February 12, 2010 hearing on that Motion, the Nevada District
10 Court found that the arbitration provision contained within
11 Plaintiff's Employment Agreement was valid and enforceable,
12 therefore requiring Plaintiff to arbitrate her claims against
13 Employers.  The Court accordingly granted the Motion to Compel
14 Arbitration and dismissed Plaintiff's Complaint, with prejudice.
15 The arbitration proceedings themselves remain pending.
16    Significantly, on March 2, 2011, Plaintiff filed a Motion to
17 Amend the arbitration proceedings against Employers to include,
18 inter alia, a claim against Employers for interference with her
19 long-term disability benefits.  Employers did not oppose
20 Plaintiff's request to add that interference claim.  In the
21 meantime, however, on November 5, 2010, utilizing different
22 counsel than those retained to prosecute the Nevada proceedings,
23 Plaintiff filed the instant lawsuit in this District against both
24 Sun Life, Lincoln and Employers.  According to Employers, the
25 present action seeks damages for the same interference with long-
26 term disability benefits that Plaintiff has sought to add to the
27 earlier-filed Nevada arbitration proceeding.
28 ///

3

1  The prohibition against claim splitting bars subsequent litigation involving the same subject matter (<u>Single Chip Systems Corp. v. Intermec IP Corp.</u>, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007)), and is designed "to protect the defendant from being harassed by repetitive actions based on the same claim." <u>Clements v. Airport Auth. of Washoe County</u>, 69 F.3d 321, 328 (9th Cir. 1995).

In assessing whether a suit is duplicative, Ninth Circuit case law looks to the causes of action asserted, the relief sought, and the parties to the action.  See <u>Adams v. Cal. Dep't of Health Servs.</u>, 487 F.3d 684, 689 (9th Cir. 2007) (overruled on other grounds by <u>Taylor v. Sturgell</u>, 553 U.S. 880 (2008)).  A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions.  <u>Id.</u>

The singularity of successive causes of action is determined by reference to the so-called "transaction test".  <u>Id.</u>  That test entails consideration of four criteria; namely, 1) whether the rights or interests established in the initial action would be impaired by prosecution of a second suit; 2) whether substantially the same evidence would be presented in both actions; 3) whether both suits involve infringement of the same right; and 4) whether both suits arise out of the same transactional nucleus of facts.  <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201-02 (9th Cir. 1982).  The last factor has been deemed the most important.  <u>Id.</u> at 1202.

///
///
///

4

1    Both actions at issue here stem from Employer's alleged
2 interference with Plaintiff's procurement of long-term disability
3 benefits.  The substantive interference claims appear identical
4 and arise from the same alleged misconduct and essentially the
5 same factual allegations, to wit, that Employers failed to
6 provide accurate information to its long-term disability carriers
7 and that as a result, Plaintiff suffered damages through the
8 denial of her claims.  See Employers' Mot., 6:28-7:5.
9 Consequently, it appears clear that the same evidence is
10 applicable to both actions.  Moreover, to the extent this second
11 action against Employers is permitted, any decision reached by
12 the arbitrator in the Nevada action would be subject to
13 circumvention.
14    After weighing these pertinent factors, the Court concludes
15 that the two actions, insofar as they pertain to Employers, are
16 indeed duplicative.  The inherent power to manage the Court's own
17 docket permits it to order dismissal of duplicative claims in
18 order to foster judicial economy and the "comprehensive disposal
19 of litigation".  See, e.g., Alltrade, Inc. v. Uniweld Products,
20 Inc., 946 F.2d 622, 627-28 (9th Cir. 1991).
21    Dismissal is also warranted here for yet another reason.  As
22 already mentioned, Plaintiff's Employment Agreement contains an
23 arbitration provision mandating that "[a]ny controversy arising
24 out of this Agreement....shall be settled by arbitration
25 according to the rules of the American Arbitration Association
26 applicable to disputes arising in Nevada and under Nevada law."
27 ///
28 ///

5

1  See Employers' Mot., Ex. 2.[2]  There can be no doubt here that
2  Employers' alleged conduct in failing to disclose information
3  pertaining to a perquisite of Plaintiff's employment (i.e., the
4  long-term disability benefits provided by Employers to its
5  employees) "arose" from Plaintiff's employment so as to come
6  within the scope of the arbitration provision.  Even Plaintiff
7  does not argue otherwise.  Her Complaint acknowledges that "[a]s
8  a benefit of her employment with Employers, Plaintiff Teresa
9  Shappell received coverage for short and long term disability
10 under both the Lincoln Plan and the Sun Life Plan."  Pl.'s
11 Compl., ¶ 7.

12       Plaintiff instead claims that because disability plan
13 benefits fall within the purview of ERISA, federal jurisdiction
14 over ERISA matters permits the Court to entertain this lawsuit.
15 That contention misses the mark, however, because arbitration
16 provisions like those applicable here may properly extend to
17 federal, as well as state claims.[3]  See EEOC v. Luce, Forward,
18 Hamilton & Scripps, 345 F.3d 742, 750 (9th Cir. 2003) (employer
19 may require employees to arbitrate federal statutory claims).

---

[2] While Plaintiff objects to materials beyond the four corners of her Complaint being considered in conjunction with the present Motion to Dismiss, because a valid arbitration agreement bears on the Court's jurisdiction to entertain this lawsuit, as discussed in more detail below, matters extrinsic to the complaint can be utilized in deciding whether the matter is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1).  See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

[3] The Court rejects Plaintiffs' argument that the arbitration provision only extends to issues under Nevada law. The language of the provision, as recited above, makes Nevada law applicable to the conduct of the arbitration itself, not to the substantive matters subject to determination by the arbitrator.

In Comer v. Micor, Inc., 436 F.3d 1098, 1100-01 (9th Cir. 2006), the Ninth Circuit went so far as to note that any skepticism about the arbitrability of ERISA claims has been put to rest by the Supreme Court's decisions in Shearson/American Express Inc. v. MacMahon, 482 U.S. 220, 226 (1987) and Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 481 (1989).

It must also be noted that "any doubts concerning the scope of arbitration issues should be resolved in favor of arbitration." Simula Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999), citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Arbitration should not be rejected "unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." United Steelworkers of America v. Warrior & Golf Navigation Co., 363 U.S. 574, 582-83 (1960). "In the absence of any express provision excluding a particular grievance from arbitration...only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where...the arbitration clause [is] quite broad." Id. at 584-85. Here, the broad language of the arbitration provision extends to "any claim or controversy" arising out of Plaintiff's employment, therefore, subjecting all claims she asserts against Employers to arbitration. ERISA claims are not excluded.

Consequently this matter is properly subject to the already-commenced arbitration proceedings--proceedings in which Plaintiff has already sought leave to present the interference claims also being pursued here.

7

1  Because Plaintiff's claims against Employers are subject to
2  arbitration, this lawsuit is properly subject to dismissal.  See
3  Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th
4  Cir. 1988).  That arbitration requirement amounts to a
5  jurisdictional bar against the present case from proceeding in
6  this Court.  Defendant Employer's Motion to Dismiss is
7  accordingly GRANTED.[4]  Since the deficiencies of Plaintiff's
8  claims against Employers in this case cannot be remedied through
9  amendment, no leave to amend will be afforded with respect to
10 those claims.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d
11 655, 658 (9th Cir. 1992).  This litigation is consequently
12 terminated against Employers, although Plaintiff's remaining
13 claims against Sun Life and Lincoln remain pending and viable.
14      IT IS SO ORDERED.

Dated: May 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

8