UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TERESA SHAPPELL,                          No. 2:10-cv-03020-MCE-EFB

      Plaintiff,

  v.                                       MEMORANDUM AND ORDER

SUN LIFE ASSURANCE COMPANY,
et al.,

      Defendants.

----oo0oo----

Through this action, Plaintiff Teresa Shappell ("Plaintiff") seeks damages for the denial of total disability benefits she claims entitlement to under disability insurance plans issued by Defendants Sun Life Assurance Company ("Sun Life") and Lincoln National Life Insurance ("Lincoln"). Those disability plans were obtained by Plaintiff's former employer, Employers Insurance Company of Nevada ("Employers").

///
///
///

1

Presently before the Court is a Joint Motion to Stay filed by Sun Life and Lincoln (hereafter "Defendants"). For the following reasons, Defendants' Motion is DENIED.[1]

**BACKGROUND**

Plaintiff initiated this action against Sun Life, Lincoln and Employers on November 5, 2010, seeking to recover benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff alleges she participated in an employee welfare benefit plan while employed by Employers, and the benefit plan included long-term disability benefits funded by policies issued by Defendants.

This Court granted a Motion to Dismiss Plaintiff's original Complaint filed by Defendant Sun Life as to Plaintiff's Second Cause of Action, which was initially couched as a claim for "Breach of Contract: Plan Benefits." Plaintiff subsequently filed the operative First Amended Complaint, which Sun Life and Lincoln answered.

Defendant Employers, however, then filed its own Motion to Dismiss, which this Court granted on May 20, 2011. According to Employers, Plaintiff's claims against it in the instant action were duplicative of those already pending against the company in a Nevada arbitration ("Nevada Arbitration").

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

1 The Nevada Arbitration came about when Plaintiff filed a gender
2 discrimination, retaliation and breach of contract action against
3 Employers in Nevada state court.  Employers removed that action
4 to federal court and moved to compel arbitration.  The Nevada
5 district court granted Employers' motion, and since that time the
6 parties to the Nevada Arbitration have undertaken arbitration-
7 related discovery.  Through their instant Motion, Defendants now
8 argue this action should be stayed pending completion of those
9 discovery proceedings.

**STANDARD**

The power to issue a motion to stay derives from a federal district court's power to control its docket and to ensure that cases before it are justly determined. Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 864 (9th Cir. 1979), cert. denied, 444 U.S. 827 (1979).  Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Id. at 863.  "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. at 863-64.  A federal district court has broad discretion in deciding whether to issue a stay. Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).
///

3

1 Nonetheless, "[w]here it is proposed that a pending proceeding be
2 stayed, the competing interests which will be affected by the
3 granting or refusal to grant a stay must be weighed." CMAX, Inc.
4 v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "Among these
5 competing interests are the possible damage which may result from
6 the granting of a stay, the hardship or inequity which a party
7 may suffer in being required to go forward, and the orderly
8 course of justice measured in terms of the simplifying or
9 complicating of issues, proof, and questions of law which could
10 be expected to result from a stay." Id.

## ANALYSIS

Defendants seek to stay this action pending discovery in the Nevada Arbitration. According to Defendants, "the review of the discovery and information from the Nevada Arbitration will allow the parties and the Court to efficiently consider all information necessary and relevant to [Plaintiff's] ERISA claims." Motion, 5:27-6:1. More specifically, Defendants contend "it would be most efficient for Defendants to obtain the deposition transcripts and discovery responses from Employers and [Plaintiff] from the Nevada Arbitration to review and determine whether to seek to supplement the administrative record in this ERISA action." Id., 6:20-22.

///
///
///
///

4

1    Defendants are putting the cart before the horse.  In this
2 Court's Pretrial Scheduling Order ("PTSO") (ECF No. 33), the
3 Court ordered that since "[t]his case is governed by ERISA...all
4 evidence for trial will be limited to the administrative record,"
5 but that "[t]he parties may move to admit evidence outside of the
6 administrative record."  PTSO, 2:2-4.  Defendants have not made
7 such a motion.  Instead, they are asking the Court to stay this
8 action while discovery is conducted in a separate and unrelated
9 non-judicial proceeding, so Defendants can then review that
10 discovery to determine whether they should, at some point in the
11 future, move to supplement the record.  Since the evidence here
12 is currently limited to the administrative record, however,
13 Defendants' argument is premature.  If Defendants had already
14 successfully moved to supplement the record, a motion for a stay
15 might be more appropriate, but right now the need for a stay is
16 speculative at best.

17    Moreover, Defendants have not adequately explained why this
18 action and the Nevada Arbitration cannot proceed simultaneously.
19 For example, Plaintiff has already been deposed once in the
20 Nevada action and it is anticipated her deposition will continue
21 early this year. Opposition, 5:3-4.  Dispositive motions in this
22 litigation, however, need not be filed until March 22, PTSO,
23 2:10-11, so, depending on when discovery is expected to be
24 completed in the Nevada Arbitration, a stay may not be needed to
25 achieve Defendants' efficiency goals.
26 ///
27 ///
28 ///

5

1  In addition, even if Defendants did successfully move to
2  supplement the record in this case at some point, it is unclear a
3  stay would be proper given the availability of other less-drastic
4  alternatives (e.g., Defendants could move to amend the PTSO to
5  extend the dispositive motion filing deadline).
6      Finally, on balance, and despite Defendants' arguments to
7  the contrary, Plaintiff will likely suffer more hardship from a
8  stay than Defendants will suffer if no stay is ordered.
9  Plaintiff is seeking disability benefits she claims have been
10 wrongfully withheld and argues that, absent those benefits, she
11 must survive on a fraction of her former income. Opposition,
12 3:13-17. She thus contends she will suffer great hardship if
13 resolution of this case is prolonged. The hardship to Defendants
14 if their current Motion is denied, on the other hand, will be
15 minimal. Defendants will remain free to move to augment the
16 record, to amend the PTSO or to re-file their Motion in a manner
17 consistent with this Order. Accordingly, Defendants' Motion is
18 denied without prejudice.

## CONCLUSION

For the reasons just stated, Defendants' Joint Motion to Stay (ECF NO. 34) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: January 11, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE