UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA SHAPPELL, | No. 2:10-cv-03020-MCE-EFB |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| SUN LIFE ASSURANCE COMPANY; LINCOLN NATIONAL LIFE INSURANCE; EMPLOYERS INSURANCE COMPANY OF NEVADA; and DOES 1 to 100, | |
| Defendants. | |

----oo0oo----

Through this action, Plaintiff Teresa Shappell ("Plaintiff") seeks damages for the denial of total long term disability benefits she claims she was entitled to under disability insurance plans issued by Defendants Sun Life Assurance Company ("Sun Life") and Lincoln National Life Insurance ("Lincoln"). Those disability plans were obtained by Plaintiff's former employer, Employers Insurance Company of Nevada ("Employers").

///
///

1

Plaintiff has now moved for a Protective Order preventing Sun Life and Lincoln from subpoenaing records associated with Plaintiff's concurrent arbitration proceedings against Employers on grounds that such discovery is not permitted in actions arising under the Employee Retirement Income Security Act of 1971, 29 U.S.C. § 1001 et seq. ("ERISA").  The parties have agreed both that the instant matter comes within the purview of ERISA and that the decision denying Plaintiff's benefits should be reviewed under an abuse of discretion standard.  As set forth below, Plaintiff's Motion for Protective Order will be GRANTED.[1]

**BACKGROUND**

As indicated above, Plaintiff seeks long term disability ("LSD") benefits that were denied by Defendants.  Plaintiff has alleged she was totally disabled and unable to work at the time that Defendants Sun Life and Lincoln denied her disability claim. Plaintiff simultaneously pursues, however, a wrongful termination/discrimination claim against Employers that is being arbitrated in Nevada ("Nevada Arbitration").  Defendants contend that Plaintiff alleges, in the Nevada Arbitration, that she was able to work, without accommodation, and was wrongfully terminated from her employment.

///
///

---

[1] Because oral argument was of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

2

1    Defendants served Employers with a subpoena seeking
2 production of the following documents associated with the Nevada
3 Arbitration:  written discovery and responses; deposition
4 transcripts; employment records pertaining to Plaintiff; and
5 orders or decisions issued by the arbitrator.
6    Plaintiff objected to the subpoena.  Defendants refused to
7 withdraw the subpoena.  Plaintiff filed this motion seeking to
8 limit the production of records pertaining to Plaintiff's last
9 day of work, documents which Plaintiff has agreed to produce
10 Plaintiff also seeks an award of expenses incurred in bringing
11 this motion.
12    Plaintiff argues that discovery in ERISA actions is limited
13 instances where exceptional circumstances apply, as set forth in
14 Steiner v. Hartford Life & Accident Ins., 2004 WL 2271599 (9th
15 Cir. 2004) (delineating the factors set forth in Quesinberry v.
16 Life Ins. Of N. Am., 987 F.2d 1017, 1027 (4th Cir. 1993).)[2]
17 Plaintiff argues that no exceptional circumstances are present
18 here.  Additionally, in her reply, Plaintiff further contends
19 that the evidence in this case must be limited to the
20 administrative record because this matter is subject to an abuse
21 of discretion standard of review.
22 ///
23 ///

---

[2] Those factors include claims that require consideration of complex medical questions or issues regarding the credibility of medical experts, where there is little or no evidentiary record, where interpretation of the plan is needed, where issues arise concerning the insurer's impartiality, and circumstances where there is additional evidence that a claimant could not have presented in the administrative process.  Id.

3

Despite these contentions, as indicated above, Plaintiff has agreed to the discovery of evidence pertaining to her last day of work because that issue may be critical in determining whether a preexisting condition on Plaintiff's part bars her LTD claim.

Defendant argues that the exceptional circumstances factors set forth in Quesinberry, supra, 987 F.2d 1017, are not exhaustive. Defendants contend that exceptional circumstances also exist when a plaintiff is seeking long term disability benefits for an alleged permanent disability while concurrently, in a separate wrongful termination action, alleging that she was capable of performing her occupation without limitation.

Since filing the instant motion, each party has submitted a Motion for Judgment under Federal Rule of Civil Procedure 52. Plaintiff and both Defendants unanimously concur that this matter should be reviewed under an abuse of discretion standard. See ECF No. 49 at 15; ECF No. 56-1 at 9; ECF No. 57-1 at 14.

## ANALYSIS

**A. Because this action is reviewed under an abuse of discretion standard, the discovery sought is not likely to lead to the discovery of admissible evidence.**

"Where a plan vests the administrator with discretionary authority to determine eligibility for benefits [ ] a district court may review the administrator's determination only for an abuse of discretion." Taft v. Equitable Life Assur. Soc., 9 F.3d 1469(9th Cir. 1993) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115; and Eley v. Boeing Co., 945 F.2d 376, 278 (9th Cir. 1991)).

"The standard of review informs the amount of evidence that a district court may consider." Abatie v. Alta Health & Life Ins. Co, 458 F.3d 955 (9th Cir. 2006) (citing Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999).). The Ninth Circuit, in Taft, Abatie, and their progeny, has considered the scope to which evidence outside the administrative record is admissible in ERISA actions that are reviewed under the abuse of discretion standard.

> We have considered the scope of district court review of administrative discretion under ERISA only once since Firestone. In Jones v. Laborers Health & Welfare Trust Fund, 906 F.2d 480 (9th Cir.1990), we held that the abuse of discretion standard permits the district court to "review only the evidence presented to the [plan] trustees." Id. at 482. Accord Farrow v. Montgomery Ward Long Term Disability Plan, 176 Cal. App. 3d 648, 222 Cal. Rptr. 325, 331 (1986). Because this conclusion is consistent with the nature of abuse of discretion review, furthers the goals of ERISA, and is in line with the decisions of nearly every other circuit to consider the issue, we decline to disturb it here.
>
> Permitting a district court to examine evidence outside the administrative record would open the door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it.

Taft, supra, 9 F.3d at 1471-72.

The scope of admitting evidence not contained in the administrative record in ERISA actions falling within the abuse of discretion standard of review is much more limited than the exceptions available in a de novo review. Abatie, supra, 458 F.3d 955 (abrogating Taft to the extent that evidence outside the administrative record is admissible if procedural irregularities have prevented a full development of the administrative record); Tremain v. Bell Industries,Inc., 196 F.3d

5

970 (9th Cir. 1999) (permitting evidence outside of the administrative record pertaining to a conflict of interest that would enable the action to be reviewed <u>de novo</u>); See also <u>Burke v. Pitney Bowes, Inc. Long Term Disability Plan</u>, 544 F.3d 1016 (9th Cir. 2008).

Because the parties agree to that abuse of discretion is the appropriate standard of review, the discovery currently sought from the Nevada Arbitration is not likely to lead to the discovery of admissible evidence.  That discovery is neither related to deficiencies in the record stemming from the administrator's failure to follow ERISA procedures nor to any potential conflict of interest that would enable a <u>de novo</u> review.

      **B.    Defendant's contention that the discovery is proper because Plaintiff is making simultaneous conflicting claims is unsupported by any applicable law.**

Defendants incorrectly contend that Plaintiff's conflicting allegations in simultaneous legal actions creates an exceptional circumstance that warrants the discovery request.  The exceptional circumstances argument, however, does not apply to ERISA matters being reviewed under an abuse of discretion standard.  See <u>Quesinberry</u>, <u>supra</u>, 987 F.2d at 1026-27. Defendants fail to provide any legal authority to support extension of an exceptional circumstances inquiry to the scope of ERISA discovery in an abuse of discretion context.

///
///

Furthermore, Defendants fail to illustrate any potential facts or legal theories to support their bald assertion that Plaintiff's allegations in the Nevada Arbitration "may have impacted how the Defendants assessed her disability status for purposes of her benefits claim."

Conflicting simultaneous claims of work capacity and disability are not uncommon and are appropriately dealt with under the doctrine of judicial estoppel. See Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1997) (holding that claims for Social Security Disability Insurance ("SSDI") and for ADA damages do not inherently conflict, and that the employee is entitled to explain the discrepancy between her statement to SSDI that she was totally disabled and her ADA claim that she could perform essential functions of her job). Such conflicting admissions are more appropriately admissible against Plaintiff in the Nevada Arbitration. Absent additional facts or legal authority in this case, the abuse of discretion standard limits the evidence to the administrative record.

### C. Defendant's contention that Plaintiff has attached new evidence to her complaint is not compelling.

Defendants' contention that it would be unjust to allow Plaintiff to attach new evidence to her complaint while prohibiting their pursuit of discovery is unsupported by any authority and the Court declines to investigate the complaint to confirm or deny such accusations.

///
///

7

To the extent that Plaintiff attempts to introduce evidence outside of the administrative record as part of her Motion for Judgment under Federal Rule of Civil Procedure 52, Defendants are free to object to such evidence on any grounds that are proper.

### D. Plaintiff's request for award of expenses is denied because the Defendant's actions were substantially justified.

The area of ERISA litigation is a highly technical and specialized field. Plaintiff's motion only provides a two-line description that abuse of discretion is the appropriate standard and spends the rest of the motion erroneously rebutting any contention that exceptional circumstances are present. As stated above, such exceptions are only applicable in <u>de novo</u> review. Plaintiff herself does not address this distinction until her reply. As such, Defendants' arguments do not rise to the level of sanctionable conduct.[3]

### CONCLUSION

Because the standard of review informs the amount of evidence that a district court may consider in ERISA actions, the Court finds that the discovery sought is outside the permissible scope for the abuse of discretion standard of review applicable to the present matter.

---

[3] By determining that an award of expenses is not appropriate in this case, the Court in no way infers that such records either are or are not discoverable under a de novo review.

8

Plaintiffs' Motion For Protective Order (Docket No. 41) is accordingly GRANTED.  Plaintiff's request for sanctions is DENIED.

The Court further notes that Defendant Sun Life has moved on an ex parte basis that the filing deadlines established in this matter for dispositive motions be extended so that materials from the Nevada Arbitration can be obtained and reviewed.  Because the Court has already reviewed that such materials are not discoverable given the abuse of discretion standard applicable here, that Ex Parte Application (ECF No. 52) is also DENIED.

IT IS SO ORDERED.

Dated: June 21, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

9